JOHN B. LEAVITT, Respondent, *v.* LEWIS S. CHASE,. Appellant.

*Court of Appeals, January* 20, 1892.

1. *Appeal. Referee.*—Where the evidence in behalf of the respective parties. upon a point is irreconcilable, the referee's decision on the fact is final in the court of appeals.
2. *Evidence. Partnership.*—A copartnership in respect to certain matters. does not authorize one partner to make contracts for his copartner's. services in other matters.

Appeal from judgment of the New York superior court,. general term, affirming judgment in favor of plaintiff entered on report of referee.

*Robert G. Ingersoll,* for appellant.

*Austen G. Fox,* for respondent.

PER CURIAM.—The main items in the recovery in this case are for services rendered by the plaintiff as attorney for the defendant in what are called the " Bennett " case and the case of the " Second Avenue Railroad," which were suits brought by the defendant. It is admitted in the answer that the services of the plaintiff in these litigations were not rendered under either the agreement of October 2, 1880, or that of October 1, 1882, and did not relate to collections mentioned in these agreements.

But it is claimed by the defendant that these suits were undertaken by the plaintiff under a special agreement made between the plaintiff and the defendant, made in behalf of the plaintiff by his brother, H. H. Leavitt, by which his fee was to be contingent upon a recovery in the actions. The

plaintiff denied that his brother was authorized to enter into any agreement for his services and alleged that the defendant not only knew that he had no such authority, but that he dealt with the plaintiff directly as principal during the course of the litigations. The plaintiff admits that the defendant proposed to him that he should undertake and conduct these litigations in consideration of a contingent fee, but claims that he was disinclined to make such an agreement and so informed the defendant, and that no agreement was made between them on the subject.

The referee found for the plaintiff on the issue. The evidence in behalf of the respective parties upon the point is irreconcilable, and the referee's decision on the fact is final here. The defendant claims that the plaintiff and his brother were partners in respect to business undertaken by the plaintiff for the defendant, and that the arrangement by H. H. Leavitt was binding upon the plaintiff upon the principal of agency. The counsel for the defendant is mistaken in his assumption that the referee proceeded upon the ground that no partnership could exist between the plaintiff, a lawyer, and H. H. Leavitt, who was not at the time a lawyer, in respect to the conduct of legal business. The brothers were jointly interested in the business furnished by the defendant, in collections for advertising. But this did not authorize H. H. Leavitt to bind his brother by contracts for the latter's services in other matters. Whether his contract did bind him would depend upon actual authority, or upon the plaintiff's subsequent ratification of a contract made by his brother in his behalf without authority in the first instance.

There is evidence sustaining the referee's conclusion that H. H. Leavitt had no authority in fact to contract for his brother's services in the matters referred to, and that the defendant knew it and understood that no contract for a contingent fee had been made between him and the plaintiff.

Other items allowed by the referee were for services rendered prior to October 1, 1883, not within the scope of the

agreements of 1880 and 1882, and items for services rendered after October 1, 1883, in new cases, at which date the contract of October 1, 1882, was terminated by written notice given by the plaintiff to the defendant.

We perceive no legal error in the allowances made in these two classes of cases. In respect to the services in new cases after October 1, 1883, it is claimed by the defendant that the agreement of October 1, 1882, was reinstated, and that the parties proceeded as though that contract had not been terminated. There is some evidence both in the conduct of the plaintiff and in the direct testimony for the defendant in support of this claim, but upon the whole evidence it was a question of fact upon which the referee's finding is conclusive.

We think there is no error of law in the case, and the judgment must therefore be affirmed.

Judgment affirmed, with costs.

All concur.